ERNST, Appellant, vs. ERNST, Respondent.*

*September 12—October 9, 1951.*

* Motion for rehearing denied, with $25 costs, on December 4, 1951.

496

*P. F. Leuch,* attorney, and *E. W. Van Dyke* of counsel, both of Milwaukee, for the appellant.

For the respondent there was a brief by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann.*

BROWN, J.   The parties are brothers. The defendant is a dealer in secondhand automobiles. The plaintiff became associated with him early in 1941 by a verbal agreement whose terms are in dispute. The complaint alleges that the defendant was to procure automobiles and make them ready for resale. Then the plaintiff was to sell them and after defendant's costs had been repaid to him what was left of the sale price was to be divided equally between the parties; further, that if the defendant made sales not through the plaintiff to customers who were first solicited by the plaintiff the profits from such sales were to be shared in the same manner. The prayer for relief demands that the defendant be "compelled to account with the plaintiff as to all dealings of said partnership." Plaintiff's counsel stated this was a

part of the complaint. The answer denies the existence of any partnership or joint venture and pleads an accord and satisfaction of plaintiff's claims and denies the complaint's other material allegations. The action was tried to a jury before Judge BREIDENBACH pursuant to an order by Judge SULLIVAN which is not in the bill of exceptions and which must be presumed to have been obeyed. From the numerous colloquies and conferences between court and counsel it appears that the calendar judge ordered the issue of partnership to be determined by a jury but an accounting, if one proved to be necessary, should be before the court. In a conference before the *voir dire,* plaintiff's counsel repeatedly informed the court that the essential issue for the jury was whether or not there was a partnership. The cause was submitted on special verdict. Plaintiff's counsel did not request the submission of any questions and agreed to the sole question which the court did submit, namely:

"Did plaintiff, J. Ed. Ernst, and defendant, John W. Ernst, enter into a partnership agreement in the month of January, 1941, for the sale of used automobiles?"

The court instructed the jury in the elements of partnership and it is here that plaintiff feels aggrieved because the instruction conformed to the definition of partnership given in the Uniform Partnership Act, sec. 123.03 (1), Stats., that a partnership is an association of two or more persons to carry on as co-owners a business for profit. The court further instructed that co-ownership is an essential element of a partnership. The jury answered the question "No" and the court gave judgment upon the verdict dismissing the complaint.

Plaintiff submits that he never claimed any ownership in the business and therefore the special verdict, coupled with the instruction, did not present the real issue, which is whether the parties agreed to share the profits of a business

combining the property of the defendant with the services of the plaintiff.

Possibly a series of questions to discover what agreement had been made for plaintiff's compensation, accompanied by appropriate instructions, would have presented the real issue better than the single question submitted, but considering counsel's insistence upon the existence of a partnership, we are unable to criticize the learned trial court. After all, that was stated repeatedly by counsel to be the element indispensable to his cause of action; the order of the calendar judge had directed that issue to be tried; and plaintiff's counsel announced to the jury that he had agreed upon the question to be submitted. Nor, the parties having agreed that partnership was the issue and having agreed on the form in which the issue was submitted to the jury, can we criticize the court for defining partnership as the legislature defined it, though plaintiff's attorneys insisted that the term had a wider application than the legislature recognized.

Plaintiff also complains that the conduct of a bailiff was irregular and prejudicial and that he was also prejudiced because one of the jurors did not disclose that he had sat in another trial which dealt with a situation somewhat similar to that at bar. We have examined the record in respect to these and other minor assignments of error and find them to be without merit.

Sec. 251.09, Stats., gives us the power, to be used in our discretion, to reverse the judgment and order a new trial in actions where it appears that justice has miscarried or the real controversy has not been fully tried. We do not use the power now because the plaintiff was so thoroughly impeached in material matters by disinterested witnesses and by his own sworn testimony on adverse examination, and forced so often to retract as untrue testimony which he had given on points vital to his claim that we believe no conscientious jury could decide issues in his favor when his

contentions depend entirely upon his unsupported word. The plaintiff had no corroboration. The defendant had much and the plaintiff established himself as unworthy of belief. So much prejudice is due to his own shortcomings that we cannot find that he has been further prejudiced by any which may exist in the special verdict or instructions nor that there has been a miscarriage of justice. Accordingly, we will not exercise our discretion, under sec. 251.09, in his behalf.

*By the Court.*—Judgment affirmed.